[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds the following facts:
1. The plaintiff, whose maiden name was Karen Ann Mitchell and the defendant Gregory B. Walton were married on May 9, 1975 at New Haven, Connecticut.
2. The plaintiff and defendant have resided continuously in this state more than twelve months next preceding the date of the complaint.
3. The plaintiff and defendant have two children, only one of whom is a minor, Chaz D. Walton, born December 26, 1978.
4. Neither the plaintiff nor the defendant is receiving public assistance or welfare payments from the State of Connecticut.
5. The marriage between the parties has broken down irretrievably and there is no reasonable prospect of reconciliation.
Mindful of the provisions of § 46b-82 of the Connecticut General Statutes, the court enters the following:
1. The marriage is dissolved.
2. The plaintiff may resume the use of her maiden name, Karen Ann Mitchell.
3. Custody of the minor child, Chaz D. Walton is to be CT Page 5578-HHHHH joint with residence with the mother and right of liberal visitation to the father.
4. Father, Gregory B. Walton is ordered to pay child support for his son in the amount of $180 per week by way of a wage execution. Payments to be made bi-weekly.
5. Defendant is to maintain health insurance benefits on the minor child through his place of employment. Any unreimbursed medical bills shall be shared equally by the parties.
6. An arrearage is found of $915 and Gregory Walton is ordered to pay the same at the rate of $15 per week also by way of wage execution.
7. All furniture and personal property is to belong to plaintiff, Karen Walton with the exception of daughter Nena's bedroom set which will be the property of defendant.
8. Alimony is awarded to the plaintiff in the amount of $250 per week. Said alimony shall be modifiable as to amount only if either party undergoes a substantial change of circumstances.
9. Plaintiff is to be entitled to one half of defendant's pension secured by means of a QUADRO.
10. The real property located at 107 Fieldwood Road, Waterbury shall be placed on the market immediately. From the proceeds of the sale shall be paid all debts including mortgage, equity loan, taxes, water, insurance and any liens including IRS lien. In the event that there are any remaining proceeds, they are to be divided equally.
11. Defendant is to be responsible for all debts listed on his financial affidavits as well as debts listed on plaintiff's financial affidavit with the exception of the Debbie Williams Hill debt but including the IRS lien for past taxes.
12. Plaintiff is to remain as beneficiary on defendant's insurance policy through his employment as long as defendant is obligated to pay alimony.
13. Defendant is to pay plaintiff's counsel $1,500 within CT Page 5578-IIIII three months plus the sheriff's bills incurred by plaintiff.
14. Defendant is entitled to take the minor son as an exemption for the IRS.
KULAWIZ, J.